UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARIO GUERRERA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) Case No:  3:22-cv-943 |
| | ) |
| HIGHLIGHT MOTOR GROUP, INC., | ) |
| HL MOTOR GROUP, INC. and | ) |
| IGOR KVITNITSKY, | ) |
| | ) |
|    Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, HL Motor Group, Inc., incorrectly named as Highlight Motor Group, Inc. ("Highlight"), and Igor Kvitnitsky ("Mr. Kvitnitsky"), by their attorneys, Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. §§ 1332(a) and 1441(b), hereby remove this action from the Superior Court Judicial District of Waterbury, Connecticut, to the United States District Court District of Connecticut. As grounds for removal, defendants state as follows:

1.  On June 27, 2022, plaintiff filed a Complaint upon defendants returnable on July 26, 2022 in the Superior Court Judicial District of Waterbury, Connecticut, entitled *Mario Guerrera v. HL Motor Group, Inc. and Igor Kvitnitsky*.  (*See* Exhibit 1).

2.  Plaintiff generally avers that he suffered severe personal injuries resulting from a July 6, 2020 motor vehicle collision in Waterbury, Connecticut with a vehicle owned by Highlight and operated by Mr. Kvitnitsky.  (*Id.*).

3.  Plaintiff further avers that he sustained "serious and painful personal injuries, some or all of which may be permanent in nature" (*Id.* at 4, ¶10) and that he "has and will continue to suffer in the future mental anguish, frustration and anxiety over the fact that he was and remains injured, including nightmares and anxiety while driving."  (*Id.* at 5-6, ¶12).

4. In negotiations, plaintiff has demanded settlement for amounts in excess of $800,000.00.

5. On information and belief, plaintiff is a resident and citizen of Connecticut. (*Id.* at 1, ¶1)

6. HL Motor Group, Inc. is a company that is organized and existing under the laws of Ontario, Canada. (*See* Exhibit 2 at ¶3).

7. For purposes of determining diversity jurisdiction, HL Motor Group, Inc. is a citizen of Ontario, Canada because its principal place of business, offices and distribution center are located in Ontario, Canada. (*Id.* at ¶4).

8. The vehicle operated by Igor Kvitnitsky at the time of the motor vehicle accident described in the Plaintiff's Complaint, was owned by the Bank of Montreal, Equipment Leasing Canada, and leased to HL Motor Group, Inc. (*Id.* at ¶10).

9. The trailer operated by Igor Kvitnitsky at the time of the motor vehicle accident described in the Plaintiff's Complaint, was owned by Highlight Motor Freight, Inc., a subsidiary of HL Motor Group, Inc. (*Id.* at ¶11).

10. On July 6, 2020, while engaged in the activity described in the Complaint in this matter, Mr. Kvitnitsky was an employee of HL Motor Group, Inc. (*Id.* at ¶8).

11. Mr. Kvitnitsky resides in and is a citizen of Ontario, Canada. (*Id.* at ¶9).

12. Here, there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1441(b).

13. By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00, exclusive of costs. Removal of the state court action to this Court is therefore appropriate under 28 U.S.C. § 1441(b).

14. Removal of this action is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. Moreover, this Notice of Removal was filed within one year after commencement of the action.

15. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, defendants are serving a copy of this Notice of Removal upon plaintiff and filing a copy with the Clerk of the Superior Court Judicial District of Waterbury, Connecticut.

16. Defendants reserve the right to supplement this Notice of Removal and/or to present additional arguments in support of their entitlement to removal.

17. Removal is hereby effected without waiver of any challenges that defendants may have to personal jurisdiction, venue or service of process. Further, no admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants, HL Motor Group, Inc. and Igor Kvitnitsky, hereby give notice of the removal of the above-referenced action now pending in the Superior Court Judicial District of Waterbury, Connecticut, to the United States District Court District of Connecticut.

Respectfully submitted,

HL Motor Group, Inc. and Igor Kvitnitsky,

By: /s/ *Christy Jachimowski*
One of Defendants' Attorneys
Christy Jachimowski
Lewis Brisbois Bisgaard & Smith LLP
185 Asylum Street
Suite 2603
Hartford, CT 06103
(860) 748-4806 Phone
(860) 748-4857 Facsimile
Christy.Jachimowski@lewisbrisbois.com

Michael T. Franz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street
Suite 300
Chicago, Illinois 60661
(312) 463-3329 Phone
(312) 345-1776 Facsimile
Michael.Franz@lewisbrisbois.com

*Attorneys for Defendants*

Date: July 27, 2022

**Certificate of Service**

I hereby certify that on this 27th day of July, 2022, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system. Additional Notice of this filing will be sent to counsel for the plaintiffs electronically.

Marisa A. Bellair, Esq.
Michael C. Schulz , Esq.
Lynch, Traub, Keefe & Errante
52 Trumbull Street
New Haven, CT 06510
Phone: 203-787-0275
Email: mbellair@ltke.com; mschulz@ltke.com
(Counsel for Plaintiff, Mario Guerrera)

                                                               /s/ *Christy Jachimowski*
                                                               Christy Jachimowski

75944-39